IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-HC-2195-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AURELIO ALMEDA, JR., | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motions to dismiss (DE # 5, 43) of respondent Aurelia Almeda, Jr. (hereinafter "respondent"). Respondent seeks dismissal of the government's petition for commitment pursuant to 18 U.S.C. § 4248 ("§ 4248"). Petitioner has responded and opposes the motions to dismiss. Also before the court is respondent's appeal of the Magistrate Judge's order denying respondent's motion for timely disclosure of impeachment witnesses (DE # 48). Petitioner has responded urging the court to affirm the order. The matters are ripe for ruling.

## Motions to Dismiss (DE # 5, 43)

Respondent asserts that the application of § 4248

> violates the Respondent's protections against double jeopardy, denies him a fair trial as the burden of proof in such matters is appropriately the "beyond a reasonable doubt" standard, may allow the Government to depose the Respondent thereby compelling him to be a witness against himself in violation of the Fifth Amendment, and creates a small class of persons – Federal detainees – that are subject to certification as sexually dangerous under the statute.

Mot. Dismiss (DE # 5) at 1-2. Respondent further asserts that "the statute violates his constitutional right to a jury trial . . . and freedom from *ex post facto* lawmaking." Mot. Dismiss (DE # 43) at 1.

The Fourth Circuit Court of Appeals held in United States v. Timms, 664 F.3d 436, 456 (4th Cir. 2012), that § 4248 commitment actions are civil proceedings. Therefore, respondent's argument for application of the various constitutional protections afforded to criminal defendants is misplaced. The Fourth Circuit also specifically held the "clear and convincing evidence" standard of proof in § 4248 is constitutional. United States v. Comstock, 627 F.3d 513, 524 (4th Cir. 2010). Furthermore, the Fourth Circuit rejected respondent's equal protection argument. Timms, 664 F.3d at 449.

Respondent next contends that "the length of time he has been detained past his release date – since 2011 – without a hearing violates his right to procedural due process. Dismissal is the appropriate remedy." Mot. Dismiss (DE # 43) at 2. The Fourth Circuit considered a similar challenge in Timms, 664 F.3d at 449-55. The court held that the particular delay in that case, which was considerably longer than the delay in this case, did not violate due process. Id. at 454-55. The court also noted, "[E]ven if Timms' case constituted a due process violation, the proper remedy would not be release, but to conduct the hearing and adjudicate whether he is a 'sexually dangerous person' under the statute." Id. at 455 n.19.

The government commenced this action on October 12, 2011. The court has granted respondent's requested extensions prolonging the discovery process. See Mot. Extension (DE # 26), Order Grant. Extension (DE # 28); Mot. Extension (DE # 30), Order Grant. Extension (DE # 31). Under the circumstances of this case, the delay does not violate due process. Moreover, even if the delay created a due process violation, dismissal is not warranted; the proper remedy would be for

2

Case 5:11-hc-02195-FL   Document 60   Filed 07/31/12   Page 2 of 4

the court to hold a commitment hearing. The commitment hearing is scheduled to commence on August 30, 2012.

Accordingly, respondent's motions to dismiss are without merit.

## Appeal of Magistrate Judge's Order (DE # 48)

Respondent appeals from the order of United States Magistrate Judge James E. Gates (DE # 45) denying his motion to compel petitioner to disclose prior to the commitment hearing any witness it anticipates it will call at the hearing for the purposes of impeachment. The court DENIES respondent's request for a hearing on the appeal.

On an appeal from any non-dispositive matter, "[a] judge shall consider the appeal and set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Local Rule 72.4(a), E.D.N.C.; see also 28 U.S.C. § 636(b)(1)(A). In denying respondent's motion, the Magistrate Judge held, "The federal rules expressly exempt from pretrial disclosure requirements witnesses presented solely for impeachment. See Fed. R. Civ. P. 26(a)(3)(A). Respondent has failed to justify the court adopting an exception to this provision." Order (DE # 45).

Having fully considered the appeal, the court finds that the Magistrate Judge's decision is not clearly erroneous or contrary to law. Accordingly, the Magistrate Judge's order will be affirmed. The court's affirmance, however, is without prejudice to respondent's right to request appropriate relief should petitioner call an unanticipated impeachment witness at the commitment hearing.

For all of the foregoing reasons, respondent's motions to dismiss (DE # 5, 43) are DENIED and the magistrate judge's order denying respondent's motion for timely disclosure of impeachment witnesses (DE # 48) is AFFIRMED.

SO ORDERED, this the 31st day of July, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

4