IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-HC-2195-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| AURELIO ALMEDA, JR., | ) | |
| Respondent. | ) | |

This case now comes before the court on the government's motion for permission to produce the various experts' evaluations of respondent that have been filed under seal in this case to the United States Probation Office for the Middle District of Florida ("Probation Office") (D.E. 83). The government did not file a memorandum in support of the motion. Respondent has not filed a response, and the time within which to do so has expired.

On 31 August 2012, the court determined that the government had failed to prove by clear and convincing evidence that, as a result of respondent's serious mental illness, abnormality, or disorder, he would have serious difficulty in refraining from sexually violent conduct or child molestation if released (D.E. 79) and ordered the government to release respondent from the custody of the Bureau of Prisons upon eligibility for release (D.E. 81). The government has indicated that respondent is now serving his supervised release term under the supervision of the Probation Office; that there are various documents from experts who evaluated respondent for this proceeding that are relevant to his supervised release; and that the Probation Office has requested this information. Gov't's Mot. at 1.

Production of the requested materials to the Probation Office for the purpose of facilitating the supervision of respondent pursuant to the terms of his supervised release is permissible, and the motion will be allowed. *See* 3 Apr. 2012 Order (D.E. 153), *United States v. Comstock*, No.

5:06-HC-2195-BR (E.D.N.C. 2012), *aff'd*, 25 Sept. 2012 Order (D.E. 155); *see also* 25 June 2012 Order (D.E. 65), *United States v. Villegas*, No. 5:07-HC-2113-BR (E.D.N.C. 2012). The court recognizes that respondent was compelled to submit to an evaluation by a psychologist selected by the government. *See* 7 February 2012 Order (D.E. 25). For this reason, among others, the court is allowing production solely for the purpose of facilitating respondent's supervised release. His compelled answers may not be used in any subsequent criminal case. *See Allen v. Illinois*, 478 U.S. 364, 374 (1986).

IT IS THEREFORE ORDERED that the government's motion (D.E. 83) is ALLOWED. The United States Attorney's Office in this district may produce the experts' evaluations of respondent, which have been filed under seal in this case, to the Probation Office for the sole purpose of facilitating the supervision of respondent pursuant to the terms of his supervised release. Any documents marked as "Attorney's Eyes Only" pursuant to paragraph 4(h)(iii) of this court's Standing Order re: Procedures for Commitments under 18 U.S.C. § 4248, No. 10-SO-01 (E.D.N.C. 4 Aug. 2010) shall remain subject to the provisions thereof and shall not be shown to respondent without the consent of opposing counsel or an order of this court.

This 13th day of November 2012.

_____
James E. Gates
United States Magistrate Judge